Edna P. SEAVEY, Plaintiff,

v.

UNITED STATES of America, Sarah or Sadie E. Stairs, Vaughan E. Stairs, Velda I. Stairs and Arthur G. Seavey, Defendants.

Civ. No. 545.

United States District Court
D. Maine, S. D.
Jan. 12, 1956.

Sidney W. Wernick, Portland, Me., for plaintiff.

Peter Mills, U. S. Atty., Portland, Me., for defendants.

Elliott Berman and William Berman, Houlton, Me., for additional defendants on counterclaim Vaughan E. Stairs and Velda I. Stairs.

CLIFFORD, District Judge.

There has been for determination in this case the question as to what person or persons are entitled to the proceeds due under the terms of the National Service Life Insurance Policy, which was matured by the death of Percy L. Seavey, within the meaning of 38 U.S.C.A. § 802 (i).

### Findings of Fact

1. That the insured, Percy L. Seavey, died on July 29, 1943, leaving a National Service Life Insurance policy in the sum of $10,000 in force and effect.

2. That the designated principal beneficiary of said policy, Andrew J. Seavey, stood in loco parentis to the insured; that such relationship had its inception during the minority of the insured and continued for a period of at least one year.

3. That Andrew J. Seavey, as such designated principal beneficiary, was paid monthly installments of $93.70 commencing July 29, 1943, and continuing at that rate through April 29, 1946; that such award was to continue for a period of 120 months certain from the date of commencement; and that the principal beneficiary died on May 31, 1946.

4. That no contingent beneficiary of said policy was designated by the insured.

5. That the insured was unsurvived by a widow or children.

6. That plaintiff, Edna P. Seavey, did not last occupy the relationship of parent to the insured.

7. That the person who last occupied the relationship of mother to the insured was Loanthe Seavey, his stepgrandmother, who predeceased the insured in 1930.

8. That the co-defendant, Sarah (Sadie) E. Stairs, natural mother of the insured, did not last occupy the relationship of mother to the insured.

9. That the co-defendant, Arthur G. Seavey, did not last occupy the relationship of parent to the insured.

10. That the co-defendants, Vaughan E. Stairs and Velda I. Stairs (Layne), are the only living brother or sister of the insured.

### Conclusions of Law

1. That Andrew J. Seavey, as validly designated principal beneficiary of the policy in issue, was entitled to receive the proceeds of said insurance during his lifetime.

2. That of the 120 installments certain payable under the terms of the policy in the sum of $93.70 each, 34 such installments were properly paid by the Veterans Administration to Andrew J. Seavey, as validly designated principal beneficiary thereof, prior to his death on May 31, 1946.

3. That there remain due and payable under the terms of said policy 86 installments in the sum of $93.70 each, all such installments having accrued June 29, 1953.

4. That the plaintiff, Edna P. Seavey, is not entitled to any of the proceeds of the policy in issue, since she was not designated a beneficiary thereof, and is not within the permitted class to take by devolution under 38 U.S.C.A. § 802(h) and (i).

5. That the co-defendant, Sarah (Sadie) E. Stairs, natural mother of the insured, is likewise not entitled to any of the proceeds of the policy in issue for the same reasons that apply to plaintiff.

6. That the co-defendant, Arthur G. Seavey, is not entitled to any of the proceeds of the policy in issue, since he was not designated a beneficiary thereof, and is not within the permitted class to take by devolution under 38 U.S.C.A. § 802(h) and (i).

7. That by virtue of the provisions of 38 U.S.C.A. § 802(i) and § 802(h) (3),

co-defendants, Vaughan E. Stairs and Velda I. Stairs (Layne) are the only persons who survived the insured and who are entitled to share equally the remaining unpaid installments certain of the proceeds of the policy in issue.

8. That the attorneys for Vaughan E. Stairs and Velda I. Stairs (Layne), Elliott Berman and William Berman, Attorneys at Law, 6 Leonard Street, Houlton, Maine, are entitled to a fee of ten percent (10%) of the amount recoverable and to be paid by the Veterans Administration out of the payments to be made under this court's judgment for services rendered in this action.